# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

ARNOLDO A. GAMBOA,

    Movant,

v.                                         CIVIL ACTION NO. 2:12-01175
                                            (Criminal No. 2:08-00151-02)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Movant Arnoldo A. Gamboa's petition for relief pursuant to *Federal Rule of Civil Procedure* 60(b)(6). For the reasons set forth below, the Court **DENIES** the motion.[1]

## I.

On December 9, 2008, the United States filed a superseding indictment charging the Movant with (1) conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and (2) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). On June 3, 2009, Movant was convicted on both charges following a jury trial. On October 15, 2009, the Judgment was entered sentencing movant to life imprisonment. On March 8, 2011, our Court of Appeals affirmed.

On April 16, 2012, Movant petitioned pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his criminal sentence. The action was referred to the Honorable Mary E. Stanley, a former

---

[1] This matter was originally assigned to another member of this Court. Both the criminal and related civil actions are now proceeding before the undersigned.

United States Magistrate Judge, for submission of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636. On January 4, 2013, the Magistrate Judge filed her PF&R recommending that the Court deny the section 2255 motion. On July 18, 2013, the Court received Movant's objections. On April 8, 2013, the Court adopted the PF&R. On April 22, 2013, the Movant noticed his appeal of the Judgment. On July 23, 2013, the Court of Appeals denied a certificate of appealability. On October 30, 2013, the mandate issued.

On November 30, 2017, over four (4) years later, Movant filed the instant *Rule* 60(b) motion. While a bit difficult to apprehend, Movant appears to assert that (1) consistent with the Sixth Amendment, a jury should have been empaneled to consider the propriety of the enhancements that resulted in his sentence of life without parole, or, alternatively, (2) that the District Court, or perhaps a jury, consistent with the Eighth Amendment, should have conducted a proportionality review prior to imposing the aforementioned life sentence.

**II.**

An inmate may seek relief from a section 2255 Judgment pursuant to Rule 60(b) under the most narrow of circumstances, namely, where he "challenges some defect in the integrity of the federal habeas proceedings . . . ." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal quotation marks omitted). Generally, however, "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive" § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). Where, as here, "a motion directly attack[s] the prisoner's conviction or sentence [it] will usually amount to a successive application." *Id.* at 207. "Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications," and "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not

seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Id.* The Movant's direct constitutional attack on his underlying Judgment via Rule 60(b) is a thinly veiled -- and patently impermissible -- attempt to pursue an unauthorized, successive motion pursuant to 28 U.S.C. § 2255 without the permission of the Court of Appeals. 28 U.S.C. § 2255(h). The Court thus lacks jurisdiction to consider the arguments he now offers.

In the event the Court has misapprehended that obvious procedural bar, Movant is nevertheless not entitled to relief on the merits. His arguments reduce to the fact that the Court should ignore the decision of the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224, 238 (1998). The decision in *Almendarez-Torres* held that the Constitution permits a judge to find the fact of a prior conviction by a preponderance of the evidence, even if the finding enhances the statutory maximum or mandatory minimum penalty for the offense of conviction. *See id.* at 247. The Movant's invitation to disregard Supreme Court precedent, however, was dispatched by our Court of Appeals, in accordance with settled law, several months ago:

> In *United States v. McDowell*, 745 F.3d 115 (4th Cir. 2014), we recognized the application of *Almendarez-Torres* to cases in which the defendant does not concede, or affirmatively disputes, the existence of the prior conviction. *Id.* at 123-24. In so doing, we recognized that more recent Supreme Court authority had called *Almendarez-Torres* into question, but we concluded that we were bound to apply the holding in *Almendarez-Torres*, even where the justifications originally animating that holding did not apply. *Id.* at 124.
>
> Here, Gonzalez argues that *Almendarez-Torres* was wrongly decided, noting that concurrences in recent Supreme Court authority have cast doubt on its continued vitality. Gonzalez also argues that *McDowell* represents an unjustified expansion of the *Almendarez-Torres* exception. "Although the Supreme Court has expressed doubt about the continuing validity of *Almendarez-Torres*," however, "it 'remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary.'" *United States v. Bullette*, 854 F.3d 261, 264 n.2 (4th Cir. 2017) (quoting *McDowell*, 745 F.3d at 124). Further, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting *en banc* can do that.", 645 F.3d 237, 246 (4th Cir. 2011) (internal quotation marks omitted).

*United States v. Gonzalez*, No. 18-4114, 738 Fed. Appx. 224, 225 (4th Cir. Sept. 20, 2018).

Accordingly, aside from the jurisdictional and procedural bar, Movant's substantive contentions are meritless.

Based upon the foregoing discussion, the Court **DENIES** the Rule 60(b) motion. It is further **ORDERED** this action be **DISMISSED**.

The Clerk is directed to forward copies of this written opinion and order to the Movant and all counsel of record. The Clerk is further directed to forthwith transmit a copy to the Court of Appeals, with a courtesy copy to the assigned Case Administrator, Taline Fischer, at her Court of Appeals electronic mail address.

DATED: March 12, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE